IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTOINETTE SIMON,<br><br>    *Plaintiff,*<br><br>v.<br><br>AFFORDABLE DENTURES AND IMPLANTS LLC, and KRISTY HATTAWAY,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00195-TES |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING COMPLAINT

Pro se Plaintiff Antoinette Simon commenced this civil action on December 5, 2025, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must screen her Complaint. *See* 28 U.S.C. § 1915(e).

    1.    **Motion for Leave to Proceed *In Forma Pauperis***

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding,

civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. [Doc. 2].

## 2. Frivolity Review

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review her pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

2

issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints"). Cases that are not timely filed are frivolous and fail to state a claim upon which relief could be granted under § 1915(e)(2)(B). *See Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 973 (11th Cir. 2012); *Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540 (11th Cir. 2010).

Here, Plaintiff's claims are time-barred, and therefore frivolous. Plaintiff's suit arises under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADEA"). [Doc. 1, p. 3]. To bring a lawsuit under Title VII or the ADEA, an employee must first exhaust all administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *Poulsen v. Publix Super Markets, Inc.*, 302 F. App'x 906, 907 (11th Cir. 2008). This includes filing "an Equal Employment Opportunity Commission ('EEOC') complaint against the discriminating party and receiv[ing] statutory notice from the EEOC of her right to sue the respondent named in the charge." *Burnett v. City of Jacksonville, Fl.*, 376 F. App'x 905, 906 (11th Cir. 2010) (alterations accepted). A plaintiff must file his complaint "within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1); *see also Miller v. Harris Ventures, Inc.*, No. 1:19-cv-170, 2019 WL 13493418, at *1 (N.D. Ga. Sept. 17, 2019).

In her Complaint, Plaintiff states she received the Notice of Right to Sue on September 5, 2025. [Doc. 1, p. 5]. Therefore, day one of Plaintiff's ninety-day window was September 6, 2025. *See* Fed. R. Civ. P. 6(a)(1)(A). Plaintiff's ninety-day window

ended on December 4, 2025. Plaintiff filed suit on December 5, 2025—91 days after receiving the Notice of Right to Sue. [Doc. 1, p. 6]. "The ninety-day window is strict and equitable relief is granted sparingly. Courts have determined that filing suit 91 days after receipt of the notice of right to sue is time-barred." *Nascimben v. Feld Entert., Inc.*, No. 8:24-cv-98-WFJ-SPF, 2024 WL 3673706, at *3 (M.D. Fla. Aug. 6, 2024) (citing *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984)). The Court recognizes that Plaintiff filed pro se, and barely missed the filing deadline. "Even so, 'this ninety-day-filing requirement applies to *pro se* plaintiffs.'" *Miller v. Harris Ventures, Inc.*, No. 1:19-cv-170, 2019 WL 13493418, at *1 (N.D. Ga. Sept. 17, 2019) (alterations accepted) (quoting *Canady v. Automatic Data Processing Inc.*, No. 1:05-cv-2855, 2006 WL 3422424, at *9 (N.D. Ga. 28, 2006)). Plaintiff's claims are time-barred and therefore fail to state a claim upon which relief may be granted.

### 3. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon review of Plaintiff's complaint [Doc. 1] under 28 U.S.C. § 1915(e), the Court **DISMISSES** it. 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 8th day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4